IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

CASE NO: 2022-CA-008044

EUGENE SCOTT LAUNIER,

    Plaintiff,

vs.

UNIVERSITY OF CENTRAL
FLORIDA BOARD OF TRUSTEES,

    Defendant.
_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, EUGENE SCOTT LAUNIER, (hereinafter, "LAUNIER") by and through his undersigned counsel, hereby sues Defendant UNIVERSITY OF CENTRAL FLORIDA BOARD OF TRUSTEES, (hereinafter "UCF"), and alleges:

### NATURE OF CLAIM

1. This is an action pursuant to 42 U.S.C. §1983 to address the violation of First Amendment Rights secured by LAUNIER his employer, UCF, when it retaliated against LAUNIER because of his speech on opposition to unfair employment practices by administrators.

### STATUTORY PREREQUISITES TO SUIT

2. LAUNIER has fulfilled all conditions precedent to maintain the claim asserted herein.

3. LAUNIER filed a timely charge of discrimination with the Florida Commission on Human Relations ("FCHR").

4. Plaintiff has complied with the requirements of dual-filing for an investigation conducted by the FCHR and EEOC.

5. The FCHR did not make a determination within 180 days of LAUNIER filing his charge of discrimination such that he was permitted to proceed as if "reasonable cause" was determined.

6. During the lawsuit, Plaintiff realized that his cause of action was more accurately stated as a Section 1983 First Amendment Rights retaliation claim rather than merely a Florida Civil Rights Act retaliation based on discrimination.

## JURISDICTION, VENUE AND PARTIES

7. This is an action for damages in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, exclusive of interest, attorney's fees and costs.

8. UCF is a part of the State of Florida University System and is governed by its Board of Trustees, and as such acts under color of law. Its main campus is located in Orlando, Orange County, Florida.

9. The alleged unlawful acts of UCF giving rise to this action were committed in Orange County, Florida, within the jurisdiction of the Circuit Court for the Ninth Judicial Circuit in and for Orange County, Florida.

10. LAUNIER is a resident of the State of Florida and of the United States, residing in Orlando, Orange County, Florida.

## GENERAL ALLEGATIONS

11. At all times material hereto, LAUNIER was an instructional employee of UCF, and began his career with UCF on August 8, 2007, as a visiting Instructor in the English Department.

12. At all times material hereto, UCF was a public employer and acted under color of law. As such, UCF is prohibited from discharging or from retaliating against an employee on the basis of the employee's exercise of First Amendment rights, specifically speech, with respect to the compensation, terms, conditions, or privileges of the employee's employment.

13. LAUNIER, as stated above, began working for UCF on August 8, 2007, at the main campus in Orlando, Orange County, Florida.

14. Over the years during his employment with UCF, LAUNIER held various positions and titles, which provided him an excellent vantage point to observe UCF's practices.

15. While employed with UCF, LAUNIER observed numerous acts of racism by the administrators who benefited from such discrimination by promoting themselves at the expense of non-whites.

16. Additionally, over a five-year span, he learned about corruption and abuse for personal gain by leaders in the Union.

17. On July 29, 2020, LAUNIER announced that he was planning to hold his own personal Zoom seminar on Friday, July 31, 2020, from 9:00 PM – 11:00 PM, to "present his five-year experience with corruption and institutional racism at UCF."

18. On July 30 and 31, 2020, UCF officials, knowing of LAUNIER's intent to discuss his opposition to his employer's racism, contacted the Orange County Sheriff's Office to have them invade his home and otherwise harass him and his family in an attempt to prevent him from speaking out about Union corruption and UCF's racism.

19. LAUNIER proceeded with his presentation via Zoom. LAUNIER sent the Zoom link to a large sum of individuals, including Governor Rob DeSantis, the University President, and the Chair of the University's Board of Trustees.

20. The Zoom presentation included LAUNIER discussing various issues of public concern including institutional racism (e.g., how employees have been discriminated against due to race and being prevented by administrators from promotions and better positions within the University), and corruption by Union leaders for personal gain.

21. On or about September 12, 2020, LAUNIER posted and identified on his personal website three UCF faculty members who had engaged in acts of white supremacy.

22. As a direct result of exercising his First Amendment speech rights on his Zoom presentation and on his personal website, LAUNIER received notification on September 29, 2020, that UCF was suspending for ten weeks.

23. Then on September 30, 2020, he received a letter stating that UCF was not reappointing him at the end of his current contract.

24. Later, on January 4, 2021, LAUNIER was informed by UCF representatives that he was being pulled from instructional duties and given "menial" tasks and/or "busy work" to complete the Spring semester.

24. All of these were adverse employment actions in retaliation for his discussion of public concern during his Zoom presentation and on his personal website.

**COUNT I – RETALIATION FOR EXERCISING FIRST AMENDMENT SPEECH**

25. LAUNIER realleges and incorporates Paragraphs 1-24 as if fully set forth herein.

26. This Count is brought pursuant to 42 U.S.C. §1983.

27. During his employment, LAUNIER engaged in protected activity by exercising his First Amendment free speech rights in discussing UCF institutional racism and discrimination by UCF administrators, corruption and abuse by Union leaders, and acts of white supremacy by three UCF faculty members.

4

28. As a result, UCF engaged in a series of adverse employment actions including suspension, non-reappointment (termination), and removal of instructional duties which were replaced by menial tasks only.

29. The adverse employment actions and the protected activity were within close temporal proximity to establish a causal relations or nexus between them. Additionally, UCF's adverse employment actions were based upon LAUNIER's ZOOM and personal website content and were consistently cited to LAUNIER when he was suspended, terminated, and given only menial tasks in lieu of his normal instruction requirements.

30. As such, LAUNIER's exercise of his Constitutional rights was a motivating factor in UCF's decision to retaliate against him.

31. As direct and proximate result of the aforementioned intentional retaliatory acts of UCF, its agents and employees, LAUNIER has sustained damages, including, but not limited to the following:

    a. Lost wages, income and employment benefits;

    b. Emotional pain, suffering, inconvenience, mental anguish and dignitary injuries;

    c. Costs and attorney's fees in pursuing redress for the deprivation of his civil rights.

32. The aforementioned intentional retaliatory acts of UCF, its agents and employees, were performed with knowledge that such conduct violated 42 U.S.C. §1983, or with reckless disregard as to whether such conduct violated 42 U.S.C. §1983.

33. If LAUNIER prevails on this claim, resulting in vindication of his civil rights, LAUNIER is entitled to reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988.

WHEREAS, LAUNIER prays this Honorable Court enter judgment against UCF in favor of LAUNIER and award him the following relief:

    a.    An award of compensatory damages for emotional pain, suffering, mental anguish, dignitary injury and other pecuniary losses;

    b.    An award of for back pay including the economic value of lost fringe benefits and interest on back pay;

    c.    An award of for front pay including interest on front pay;

    d.    An award for the costs of this action and reasonable attorney's fees pursuant to 42 U.S.C. §1988;

    f.    For other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

LAUNIER hereby demands trial by jury on all issues so triable.

DATED this 18th Day of October 2024.

    /s/ Richard W. Smith
Richard W. Smith, Esquire
Fla. Bar No.: 0013943
NeJame Law, P.A.
111 N. Orange Ave., Suite 1525
Orlando, Florida  32801
Tel.:    (407) 500-0000
Fax:    (407) 802-16416
civilservice@nejamelaw.com
richard@nejamelaw.com
laurie@nejamelaw.com
*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed on October 18, 2024, using the Court's e-Portal filing system which will send an electronic copy of the foregoing pleading to all counsel of record.

                                                  */s/ Richard W. Smith*
                                                  Richard W. Smith, Esquire
                                                  Florida Bar No. 13943